**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Juanita Rubio,             )
                                 )
    Plaintiff,          )
                                 )
    v.                    )    No.   14 C 9926
                                 )
First Financial Asset Management, Inc., )
a Delaware corporation,        )
                                 )
    Defendant.      )    <u>Jury Demanded</u>

**COMPLAINT**

Plaintiff, Juanita Rubio, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Juanita Rubio ("Rubio"), is a resident of the State of California, from whom Defendant attempted to collect a delinquent consumer debt owed for a Barclays/Apple account, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.     Defendant, First Financial Asset Management, Inc. ("FFAM"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  FFAM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant FFAM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant FFAM is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A.  In fact, FFAM conducts extensive and substantial business in Illinois.

6.     Defendant FFAM is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant FFAM acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.     Ms. Rubio fell behind on paying her bills, including a debt she allegedly owed for a Barclays/Apple account.  Defendant FFAM thereafter began trying to collect this debt from Ms. Rubio by sending her a collection letter dated June 20, 2014.  This caused Ms. Rubio to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.  A copy of the June 20, 2014 collection letter is attached as Exhibit C.

8.     Accordingly, on July 10, 2014, one of Ms. Rubio's attorneys at LACD

informed Defendant, in writing, that Ms. Rubio was represented by counsel, and directed FFAM to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Rubio was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit D.

9.      Thereafter, during July, 2014 through October, 2014, from their offices in Chicago, Illinois, Ms. Rubio's attorneys at LACD sent Defendant FFAM regular monthly payments, which payments were accepted by Defendant.

10.      Nonetheless, Defendant communicated directly with Ms. Rubio, via a letter dated October 12, 2014, regarding payment of the Barclays/Apple debt.  A copy of this collection letter is attached as Exhibit E.

11.      Defendant's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

12.      Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

15.      Here, the letter from Ms. Rubio's attorney/agent, LACD, told Defendant to

3

cease communications with Ms. Rubio (Exhibit D).  By continuing to communicate via a letter regarding the debt and demanding payment from Ms. Rubio (Exhibit E), Defendant FFAM violated § 1692c(c) of the FDCPA.

16.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant FFAM knew that Ms. Rubio was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant FFAM, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant to cease directly communicating with her.  By directly sending Ms. Rubio a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant FFAM violated § 1692c(a)(2) of the FDCPA.

20.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Juanita Rubio, prays that this Court:

1.      Find that Defendant FFAM's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Ms. Rubio and against Defendant FFAM, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided

by§1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Juanita Rubio, demands trial by jury.

Juanita Rubio,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  December 11, 2014

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com